### TAYLOR v. McADAM.

(Supreme Court, Special Term, Westchester County.   July 22, 1908.)

1. INJUNCTION—SUBJECTS OF RELIEF—ENCROACHMENT OF BUILDINGS ON EASE-
MENT.

Plaintiff owned a parcel of land of 150 feet frontage. On the south 100 feet there were two houses 18 feet apart; the north one being 11 feet from the south line of the remaining 50 feet. Defendant, a lawyer, desired to buy the north 50 feet, and submitted a contract, which was rejected by plaintiff for failure to provide against building on the south part thereof. Plaintiff then submitted a contract for the sale of the parcel, providing that no buildings should be erected within 7 feet of the south line thereof. Defendant took the contract, read it, had it in his possession for some time, and finally executed it. Afterward the parcel was conveyed by a deed containing the same covenant. While plaintiff was absent, defendant commenced to build within about 3 feet of the line, and completed the foundation and framework before plaintiff returned. On plaintiff's return, defendant was notified of the encroachment and requested to move the building, but refused to do so, claiming to understand the covenant to mean that he should not build within 7 feet of plaintiff's north building. There was testimony that, after the foundation had been staked out and some digging done, defendant himself moved the stakes about 3 feet further south. Plaintiff desired to have the buildings 18 feet apart to admit light, but the effect of the encroachment was to darken his rooms and render them less desirable. *Held*, that there was a deliberate violation of the covenant, and plaintiff was entitled to a judgment enjoining the continuance of the encroachment, and a mandatory injunction requiring the removal of the building.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 124.]

2. SAME—EQUITABLE RELIEF TO DEFENDANT.

Where there was sufficient space on the parcel of land so that the building could be moved clear of the seven-foot strip, the fact that the removal would involve great expense would be of little importance, and defendant was not entitled to equitable relief permitting the building to stand on payment for the fee value of the land encroached upon, for plaintiff was ignorant of the encroachment when made, and it worked a real and substantial injury, and was made by defendant with full knowledge of the wrong.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 419.]

Action by Elihu B. Taylor against George W. McAdam to restrain an encroachment on a certain easement, and to require the removal of a building therefrom, and for damages. Judgment for plaintiff.

Henry C. Griffin, for plaintiff.
George W. McAdam, in pro per.

TOMPKINS, J. The plaintiff was the owner of a tract of land in the village of Tarrytown, which was situated on the west side of Broadway and on the south side of Wildey street, in said village, the dimensions of which were 150 feet on Broadway and 170 feet on Wildey street. On the southerly part of the Broadway front, there are two substantial dwelling houses owned by the plaintiff, and occupied by tenants, occupying 100 feet of the premises on Broadway, and between which houses there was and is a clear space of 18 feet. In March, 1907, the plaintiff sold the vacant lot on the southwest corner of Broadway and Wildey streets, being 50 feet on Broadway, and 120

feet on Wildey street, to the defendant by a deed which contained the following covenant:

"The party of the second part covenants and agrees that he, his heirs and assigns, will not erect any building within seven feet of the south line of the premises hereby conveyed, and that all parts of any structure or building erected upon said premises, except a line fence, shall be at least seven feet distant from said south line, so that the said seven feet shall remain free and unobstructed, and he or they will not erect any building any nearer Broadway than the dwelling of the party of the first part, next and adjoining on the south of the premises hereby conveyed."

About the 1st of May, 1907, or soon thereafter, the defendant began excavating for the foundation of a dwelling house, which was thereafter erected upon the said lot, on the corner of Broadway and Wildey streets, the southeast and southwest corners of which building are less than three feet nine inches from the south line of said premises, and the northerly line of the plaintiff's premises, and the chimney, which is five feet in width, is within three feet four inches of said south line, while the cornice around the south side of the building is only two feet ten inches from the said south line of the defendant's premises; so that there is an encroachment of more than four feet upon the seven feet covered by the covenant in the deed to the defendant above quoted, and this action is brought to enjoin and restrain the defendant from continuing the erection of the said building upon said strip of land seven feet wide, and to compel the removal of said structure from said seven-foot strip, and for the damages already sustained by the plaintiff.

It appears without contradiction that the plaintiff was absent from Tarrytown and from the state of New York from the 17th day of April to the 24th day of September, 1907, and did not know of the erection by the defendant of the building in question, or of the encroachment on the seven-foot strip north of the plaintiff's line, or of the interference by the defendant with the easement reserved by the plaintiff in said deed, until his return to Tarrytown about the 24th of September, 1907, and it is conceded in the case that on or about the 26th day of September, 1907, the defendant was notified that he was violating the said covenant, and requested to move said building, so as to comply with the terms thereof, which he failed to do, and that thereafter the defendant only did such work upon the structure as was reasonable and necessary to protect and preserve the work which had already been done. It is not disputed that for about two years before the execution and delivery of the deed the defendant was negotiating with the plaintiff and his agent for the purchase of the lot, and that one or two proposed contracts were prepared by the defendant and submitted to the plaintiff, which he refused to execute because they did not contain the covenant in question, and that thereafter a proposed contract was prepared by or on behalf of the plaintiff, containing the covenant as it was afterwards incorporated into the deed, and submitted to the defendant. The defendant was a lawyer, and took the contract containing the covenant in question, with him, and read it over, and had it in his possession for some time. On the 28th of January, 1907, this contract was executed by the plaintiff and defend-

ant containing the covenant hereinbefore quoted, and on the 2d day of March, 1907, the deed was executed and delivered to the defendant, containing the same covenant.

The defendant claims that he understood that the covenant prevented him from putting up his building nearer than seven feet from the north end of the plaintiff's north house, and that, when he staked out the foundation for the erection of his house, he was laboring under the mistaken notion that he was bound to keep seven feet from the plaintiff's house, instead of seven feet from the plaintiff's northerly line and his own southerly line.

Now the fact is that the plaintiff's northerly line, which is also the defendant's southerly line, is 11 feet north of the plaintiff's north house, so that it was physically impossible for the defendant to have erected his building nearer than 11 feet from the north side of the plaintiff's north building, and at the same time confined his building to his own lot, while the erection of the defendant's building 7 feet north of the plaintiff's north line would leave a clear space between the plaintiff's north house and the defendant's new building of 18 feet, which is the width of the space between the plaintiff's two houses, and to maintain which distance between his north house and the defendant's proposed building was the plaintiff's purpose in insisting upon the restriction and covenant in the contract and deed. The evidence shows that the effect of the erection of the defendant's building 4 feet nearer to the plaintiff's north house than by the covenant the defendant had a right to erect it is to darken the rooms on the north side of the plaintiff's north house, and render it less desirable and less valuable as a dwelling house and for renting purposes.

I am reluctantly forced to the conclusion that the defendant knowingly erected his new house within the seven-foot space, in violation of the covenant; the language of the covenant is clear and unmistakable; its meaning could not possibly be misapprehended. It was contained in the contract which was in the defendant's possession, and read by him before it was executed, and two months thereafter it was written into the deed. The defendant's statement that he understood the seven feet referred to a distance north of the plaintiff's house is unreasonable, because there was a space of eleven feet between the plaintiff's house and his north line.

There is testimony in the case by two women, tenants of the plaintiff, who seemed to me to be disinterested and truthful, to the effect that in May, 1907, after the defendant began excavating for the foundation of his new house, there was a change made in the lines of the foundation, by which it was moved further south and towards the plaintiff's north line; that is to say, the stakes that had been put down to mark the lines of the foundation were, after some digging had been done, taken up, and moved about three feet further south, and towards the plaintiff's premises, and that the moving of the stakes was done by the defendant himself, and that from that time the foundation was dug and the building put up within the new lines, as thus fixed by the defendant.

From all of these circumstances, I am constrained to find that there has been a deliberate violation by the defendant of the covenant in the

deed, by an encroachment with his new building of more than four feet upon the seven-foot strip, reserved by the plaintiff for light and air, resulting in substantial injury to the plaintiff's premises, and being a wrongful invasion of the plaintiff's rights under the said covenant.

The defendant insists that he should be granted equitable relief, and that his building should be permitted to stand where it now is, upon his making compensation to the plaintiff for the fee value of the land encroached upon; but I can find no ground for giving the defendant equitable aid. None of the cases cited by the defendant in support of his demand for equitable relief is at all parallel to the case at bar. In those cases, the encroachment was either very slight, with no material injury to or interference with the plaintiff's property or rights, or was unintentionally and innocently made, or there was an honest dispute between the parties concerning the true lines between their properties, or the encroachment was permitted by the plaintiff to be made with knowledge and without protest. These features of the cases cited by the defendant clearly distinguish them from this case. Here there is no dispute between the parties as to the true line between their properties, nor is there any question as to the form, effect, or validity of the covenant. The evidence shows that the plaintiff was ignorant of the encroachment while it was being made, and until within two days of the time when he notified the defendant, and demanded its removal; and, besides, the encroachment in this case does real and substantial injury to the plaintiff's property, and was made by the plaintiff with his eyes wide open, and with full knowledge of the wrong he was doing.

It is claimed on the part of the defendant that it is impossible or impracticable to remove the structure in question. I find from the testimony that there is space enough in front of the building on Wildey street to enable it to be moved toward the north, so as to be entirely free from the seven-foot strip. It will be an expensive job, and perhaps the only way of removing the encroachment will be to tear down the south wall of the building; but I deem those questions of little importance in the case. The plaintiff is clearly entitled to a strict enforcement of the terms of the covenant, and the defendant is bound by them. The meaning of the covenant is plain, and the breach clear, and, inasmuch as there are no equitable considerations to relieve the defendant from the necessity of complying with the restriction, the breach of the covenant affords sufficient ground for the court to interfere by injunction.

The plaintiff is entitled to judgment enjoining the defendant from continuing the encroachment, and to a mandatory injunction requiring the defendant to remove the building so that it will stand at a proper distance from the plaintiff's north line, and for $100 damages, for the depreciation in the rental value of plaintiff's premises by reason of the encroachment, down to the date of the trial, and for the costs of this action.